UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DALE W. RICE,

                              Plaintiff,

    -v.-                                          5:08-CV-00347
                                                          (NPM/DEP)

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

                              Defendant.

---

APPEARANCES:                            OF COUNSEL:


OLINSKY & SHURTLIFF, LLP        HOWARD OLINSKY
Attorneys for Plaintiff
300 South State Street
5th Floor
Syracuse, NY 13202


BOND, SCHOENECK & KING, PLLC   BRIAN J. BUTLER
Attorneys for Defendant
One Lincoln Center
Syracuse, NY 13202


Neal P. McCurn, Senior District Judge

*MEMORANDUM, DECISION AND ORDER*

## I. Introduction

    Plaintiff, Dale W. Rice ("Rice") brings this action against defendant, Hartford Life and Accident Insurance Company ("Hartford") alleging violations of

the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.[1]  Presently before the court is a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) by Hartford.  Rice opposes, and Hartford replies.  The pending motion is decided on the papers submitted without oral argument.

## *II. Background*

For purposes of deciding the present motion, the court will, as it must, accept the allegations of fact in the complaint as true, drawing all reasonable inferences in plaintiff's favor.  World Religious Relief, Inc. v. Sirius Satellite Radio, Inc., No. 05-CV-8257, 2007 WL 2261549, at *1 (S.D.N.Y. Aug. 7, 2007) (quoting Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.1994)).  Further, Rice incorporates into his complaint by reference certain documents which the court will consider when deciding the present motion.  See infra, at 4.

Rice is a former employee of Wal Mart Stores, Inc., who is not a party to this action.  On February 7, 2007, Rice became disabled and unable to work.  Rice thereafter applied for, and received benefits pursuant to a long term disability plan ("the Plan") through his employer, which was insured by Hartford.  Rice received benefits from May 11, 1997 until August 31, 2002, at which time Hartford terminated same after written notification to Rice on September 3, 2002.  Rice appealed Hartford's decision to terminate his benefits, and Hartford upheld said decision by written notification to Rice on January 31, 2003.  Thereafter, Rice

---

[1] Although this action was originally commenced against The Hartford Life Insurance Company and Wal Mart Stores, Inc., by stipulation of the parties and by order of this court, Wal Mart Stores, Inc. has been dismissed from this action without prejudice, and Hartford Life and Accident Insurance Company has been substituted for the remaining defendant.  See Dkt. No. 9.

2

requested a redetermination of Hartford's decision to terminate his benefits, and Hartford again notified Rice that his benefits will remain terminated effective August 31, 2002. This final letter was issued to Rice on July 21, 2003.

On March 27, 2008, Rice commenced the present action setting forth causes of action for wrongful denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3).

### *III. Discussion*

#### *A. Legal Standard*

The standard to be applied when deciding a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is identical to that of a motion to dismiss for failure to state claims upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). See Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).

As previously mentioned, when deciding a Rule 12(b)(6) motion to dismiss, the court must accept the allegations of fact in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. See supra, at 2. A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the complaint includes "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007).[2] The Court of Appeals for the Second Circuit has interpreted the foregoing language to require

---

[2] By its opinion in Bell Atlantic, the Supreme Court abrogated the often-cited language of Conley v. Gibson "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. 544, ----, 127 S.Ct. 1955, 1968 (2007) (quoting Conley, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)). In doing so, the Court found that Conley "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Id., at 1969.

3

that lower courts apply "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007) (emphasis in original).  In accordance with this standard, the plaintiff is required, "at a bare minimum, . . . [to] provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  Goldstein v. Pataki, 516 F.3d 50, 56 -57 (2d Cir. 2008) (citing ATSI Commc'ns., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007)) (quoting Twombly, 127 S.Ct. at 1965))).

In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a Rule 12(b)(6) motion, such as those documents that are attached to the complaint or incorporated in it by reference. See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007).  Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion."  Id. (quoting Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991)(emphases added), cert. denied, 503 U.S. 960, 112 S.Ct. 1561 (1992)).  Here, Hartford submits a copy of the Plan to which Rice refers in his complaint, as well as several letters, also referred to by Rice in his complaint.  See Decl. of Carol B. Dekshenieks, June 27, 2008, & Exs. A-G thereto, Dkt. No. 11.  As such, the court will consider the contents of said documents, as well as the allegations in the complaint, when deciding Hartford's motion.

### *B. Analysis*

Hartford seeks judgment on the pleadings in its favor, arguing first that both causes of action are untimely, and second that Rice's breach of fiduciary duty claim is duplicative of his claim for wrongful denial of benefits. Because the court finds that both of Rice's claims are barred by the statute of limitations, it need not address Hartford's additional argument.

To be sure, ERISA does not provide a statute of limitations for wrongful denial of benefits claims. See Guilbert v. Gardner, 480 F.3d 140, 148 (2d Cir. 2007) (citing Miles v. New York State Teamsters, 698 F.2d 593, 598 (2d Cir.1983)). Accordingly, the Court of Appeals for the Second Circuit has held that the most applicable state statute of limitations shall apply to such claims. See id. However, courts in this circuit have held that where a benefit plan provides a limitations period shorter than that prescribed by state law, it is the plan's language which controls. See, e.g., Robilotta v. Fleet Boston Fin. Corp. Group Disability Income Plan, No. 05-CV-5284, 2008 WL 905883, at *10 (E.D.N.Y. Mar. 31,2008); Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan, 537 F.Supp.2d 546, 548 (S.D.N.Y.,2008); Allwood v. Frontier Commc'ns of Rochester Tel., Inc., No. 03-CV-6229, 2004 WL 2202572, at *2 (W.D.N.Y. Sept. 30, 2004).

In New York, the most applicable statute of limitations is the six-year statute of limitations for breach of contract claims. See Burke, 537 F.Supp.2d at 548, citing N.Y. C.P.L.R. § 213 (McKinney 2004). Rice argues that this provision applies here, and therefore, his wrongful denial of benefits claim is timely. Hartford argues that here, the Plan includes a statute of limitations provision of

5

three years, and accordingly, both of Rice's claims are time-barred.

According to the Plan,

Legal action cannot be taken against The Hartford:
(1) sooner than 60 days after due proof of loss has been furnished; or
(2) after the shortest period allowed by the laws of the state where the policy is delivered.  This is 3 years after the time written proof of loss is required to be furnished according to the terms of the policy.

Ex. A to Dekshenieks Decl. at 22, Dkt. No. 11.  Hartford contends that because here, Rice was required to submit written proof of loss on or before February 7, 2002, the statute of limitations on his claims expired on February 7, 2005, approximately three years before the commencement of this action.  Hartford further notes that even if the court determines that Rice's claims accrued as late as July 21, 2003 when Rice received the final letter from Hartford affirming its decision to terminate benefits, his claims are still not timely.

Rice counters, without citing legal authority, that the aforementioned Plan language "cannot be characterized as an agreement to shorten the limitations period" because it is essentially a unilateral legal determination that the applicable statute of limitations in New York is three years.  Pl.'s Mem. of Law in Opp'n to Def .'s Mot. for J. on the Pleadings at 8, Dkt. No. 14.  "[T]he documents that outline the terms of an ERISA plan constitute a written contract." Burke, 537 F.Supp.2d at 552 (citing Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 83, 115 S.Ct. 1223 (1995)).  Accordingly, absent an ambiguity in the Plan terms, the court will interpret the Plan according to contract law principals.  See id. (citing Lifson v. INA Life Ins. Co. of New York, 333 F.3d 349, 353 (2d Cir.2003);

6

Cruden v. Bank of New York, 957 F.2d 961, 976 (2d Cir.1992)).

Rice further argues that the Plan language at issue does create an ambiguity regarding whether Hartford relies on Arkansas or New York law to reach its conclusion that the shortest statute of limitations allowed is three years. Hartford counters that because in Arkansas, as in New York, parties may contractually agree to a limitations period which is shorter than that prescribed by state law as long as it is reasonable, the result would be the same here under either interpretation of the Plan language – the statute of limitations is three years.

The Court of Appeals for the Eighth Circuit has interpreted the Plan language to clearly set forth a three-year limitations period, finding that such a time limitation is not unreasonably short. See Wilkins v. Hartford Life & Accident Ins. Co., 299 F.3d 945, 948 (8th Cir. 2002). Wilkins, like Rice, was a Wal Mart employee and was covered under an employee benefit plan identical to the Plan at issue here. See id. There, the court noted that the relevant plan provision was likely prepared with Arkansas law in mind. While the court agreed that Wilkins's action was governed by the five year statute of limitations set forth in section 16-56-111(a) of the Arkansas Code, it acknowledged that the statute establishes a maximum, not a minimum period, and that parties in Arkansas may contract for a shorter limitations period, as long as it is not unreasonable. See id. Accordingly, the court applied the three-year statute of limitations set forth in the Plan to bar Wilkins's ERISA claim. See id., at 949.

Likewise, in New York, C.P.L.R. § 213 sets forth the maximum period to commence an action for breach of contract, not the minimum. See Albany Med. Ctr. v. Preferred Life Ins. Co. of New York, 851 N.Y.S.2d 843, 847, 19 Misc.3d

7

209, 214 (N.Y. Sup. Ct. 2008). Moreover, the contractually agreed three-year limitations period is reasonable under New York Insurance Law § 3221.[3] See Burke, 537 F.Supp.2d at 551 (citing N.Y. INS. LAW § 3221 (McKinney 2007).

Even assuming Rice is correct that the Plan language is ambiguous regarding the source of its statute of limitations provision, "ambiguously worded contracts should not be interpreted to render them illegal and unenforceable where the wording lends itself to a logically acceptable construction that renders them legal and enforceable." N.L.R.B. v. Local 32B-32J Serv. Employees Int'l Union, 353 F.3d 197, 202 (2d Cir. 2003) (quoting Walsh v. Schlecht, 429 U.S. 401, 408, 97 S.Ct. 679 (1977)). Accordingly, because the court concludes that under either Arkansas or New York law a contractually agreed upon three-year limitation period is reasonable, it will not, as Rice would have it do, invalidate the referenced Plan language and apply New York's six-year statute of limitations.

Applying the contractually agreed upon three-year limitation period, even if the court were to consider Rice's claim to accrue on the date most advantageous to him, to wit, July 21, 2003, because Rice did not commence this action until March 27, 2008, his claim are clearly time-barred and must be dismissed.

## IV. *Conclusion*

For the reasons set forth above it is hereby ORDERED that the motion for judgment on the pleadings by defendant Hartford Life and Accident Insurance Company, see Dkt. No. 10 against plaintiff Dale W. Rice is GRANTED in its

---

[3] The court gives short shrift to Rice's argument that § 3221 does not apply to govern, as here, long term disability plans, but instead only covers accident and health insurance plans. As Hartford correctly points out, New York Insurance Law defines "accident and health insurance" to include, among other things, disability policies such as the Plan here. See N.Y. INS. LAW § 1113(a)(3) (McKinney 2009).

entirety.

      The Clerk of the Court is accordingly directed to close the case.


      IT IS SO ORDERED.


DATED:    April 13, 2009
             Syracuse, New York

                                          _____
                                          Neal P. McCurn
                                          Senior  U.S. District Judge